IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN J. FLYNN, JAMES BOLAND, GERALD O'MALLEY )
KEN LAMBERT, GERARD SCARANO, H.J. BRAMLETT )
EUGENE GEORGE, PAUL SONGER, CHARLES )
VELARDO, MATTHEW AQUILINE, GREGORY R. HESS, )
MICHAEL SCHMERBECK, VINCENT DELAZZERO, )
and BEN CAPP, JR, as Trustees of, and on behalf of the )
BRICKLAYERS & TROWEL TRADES INTERNATIONAL )
PENSION FUND, )
  1776 Eye Street, NW, Fifth Floor )
  Washington, DC 20006 )
  (202) 783-3788, )

      Plaintiffs,

      v.     ) Civil Action No.

CENTRAL RESTORATION, INC.,
140 Central Avenue
Rockledge, PA 19111

and

CAULK-RITE OF HUNTINGDON VALLEY, INC.
2381 Philmont Avenue, Suite 116
Huntingdon Valley, PA 19006

      Defendants.

## COMPLAINT FOR MONEY DAMAGES

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP, complaining of the Defendants, allege as follows:

### CAUSE OF ACTION

#### Jurisdiction and Venue

1.    This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF") to enforce the terms of the Plan and Trust

Agreements adopted by the IPF and the provisions of Section 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1451. This action arises under the laws of the United States, specifically Section 4301(a)(1) of ERISA, 29 U.S.C. § 1451(a)(1). Pursuant to Section 4301(c) of ERISA, 29 U.S.C. § 1451(c), jurisdiction is therefore conferred on the Court.

2. The IPF is administered in the District of Columbia. Venue is conferred on this Court pursuant to Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), which provides:

> An action under this section may be brought in the district where the plan is administered or where a defendant resides or does business, and process may be served in any district where a defendant resides, does business, or may be found.

**Parties**

3. Plaintiffs are John J. Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Paul Songer, Charles Velardo, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero, and Ben Capp, Jr., all of whom are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). Plaintiffs bring this action in their respective capacities as fiduciaries on behalf of, and for the benefit of, the participants and beneficiaries of the IPF.

4. Defendant Central Restoration, Inc. is, and at all times hereinafter mentioned was, a business maintaining offices in Rockledge, Pennsylvania and conducting business in Pennsylvania and other localities.

5.  Defendant Caulk-Rite of Huntingdon Valley, Inc., at all times hereinafter mentioned, was a business maintaining offices in Huntingdon Valley Pennsylvania and conducting business in New Jersey.

6.  Upon information and belief, the two Defendants share employees, office space, equipment, and material, and the same individuals exercise authority over matters such as banking and hiring and firing, such that Defendants constitute alter egos of one another.

7.  Upon information and belief, the two Defendants are under common control such that they shall be treated as a single employer pursuant to Section 3 of ERISA, 29 U.S.C. § 1002(40)(B).

8.  Defendants have employed members of the Bricklayers & Trowel Trades International Union and its affiliated local unions ("Union").

## Violation Charged

9.  Defendants, acting by and through their authorized agents or officer, executed collective bargaining agreements with the Union.

10. By the notice attached hereto as Exhibit A, the IPF determined that the Defendants had withdrawn from the IPF within the meaning of Section 4203(b) of ERISA, 29 U.S.C. § 1383(b) or Section 4205 of ERISA, 29 U.S.C. § 1385, notified it of its liability under Sections 4201 and 4219 of ERISA, 29 U.S.C. §§ 1381 and 1399 ("Withdrawal Liability") and demanded payment as provided by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1).

3

11.     Pursuant to the notice sent by the IPF, Defendants were obligated to submit $5,386.97 on or before July 13, 2005 . Thereafter, Defendants were obligated to submit $5,386.97 per month for 7 additional months with a final payment of $3,509.48.

12.     By letters dated October 27, 2005 and January 3, 2006 (*see* Exhibits B and C attached hereto), the IPF repeated its demand for Defendants' compliance with the payment schedule as required by 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2).

13.     Despite due demand, Defendants have not paid their Withdrawal Liability as required. To date, Defendants have failed to submit a single payment for Withdrawal Liability to the IPF.

14.     Defendants' failure to make payment as required on its Withdrawal Liability constitutes a default and shall be treated in the same manner as a delinquent contribution under Sections 4219(c)(5) and 4301(b) of ERISA, 29 U.S.C. §§ 1399(c)(5) and 1451(b).

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1.      For the Withdrawal Liability owed by Defendant in the amount of $46,337, representing the full Withdrawal Liability due and owing upon a default under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5);

2.      For interest assessed on the unpaid Withdrawal Liability from the due date for payment under Sections 4301(b) and 502(g)(2)(B) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(B);

3.      For liquidated damages assessed on the Withdrawal Liability under Sections 4301(b) and 502(g)(2)(C) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D);

4. The amount incurred by Plaintiffs for attorney's fees and costs of this action under Sections 4301(b) and 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D); and

5. Such other legal or equitable relief as this court deems appropriate, including judgment for interest thereon that may accrue subsequent to the filing of this complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: February 27, 2006

By: _____
Ira R. Mitzner, DC Bar No. 184564
Charles V. Mehler III, DC Bar No. 475909
Johnisha Matthews, DC Bar No. 492478
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037-1526
(202) 785-9700
(202) 828-2234

Attorneys for Plaintiffs