**EXHIBIT C**

# DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*Writer's Direct Dial: (202) 828-2234*
*E-Mail Address: MitznerI@dsmo.com*

January 3, 2006

**By Certified Mail**

John F. Creedon
Central Restoration
304 Huntingdon Pike
Rockledge, PA 19046

Re:   <u>Withdrawal Liability Default and Waiver of Right to Arbitrate</u>

Dear Mr. Creedon:

I am writing regarding the employer withdrawal liability ("EWL") the Bricklayers and Trowel Trades International Pension Fund ("IPF") has assessed against Central Restoration ("Central"). It is my understanding that you are objecting to the $46,337 in EWL assessed against Central Restoration because the sum also reflects the liability assessed against Caulk-Rite of Huntington Valley ("Caulk-Rite"). It is our position that Central and Caulk-Rite are either alter egos or part of a controlled group, such that the employer withdrawal liability owed by Caulk-Rite is also owed by Central.

This letter also serves to notify you that Central Restoration has both forfeited its right to arbitrate any disputes regarding this EWL and defaulted on payment of its EWL.

On May 13, 2005, David F. Stupar, Executive Director of the IPF, sent Central a demand for EWL, along with attached reports from the IPF's actuary setting forth the basis for the EWL owed by your company. The EWL indicated that Central owed EWL of $46,337, pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") and the IPF's Withdrawal Liability Procedures. The EWL demand further explained that Central is required to make interim EWL payments to the IPF reflecting an amortization of the total EWL over a number of months. Specifically, Central is required to pay the IPF $5,386.97 for 8 months plus a final payment of $3,509.48.

Pursuant to the MPPAA and the Withdrawal Liability Procedures, Central had 90 days from May 13, 2005—or until August 11, 2005—to request review of the IPF's EWL calculations. As of the date of this letter, Central has not requested such a review. Because a timely request for review is a prerequisite for initiating arbitration of the EWL amounts owed, Central has waived its right to arbitration. This means that any defenses to the EWL assessment that Central could have raised in arbitration can no longer be asserted before any court and that, pursuant to 29 U.S.C. § 1401 (b)(1), the amounts demanded by the IPF are due and owing.

*1177 Avenue of the Americas • New York, New York 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*
*www.legalinnovators.com*
DSMDB.2021839.1


John F. Creedon
January 3, 2006
Page 2

      The May 13, 2005 demand letter instructed Central that its first interim EWL payment was required to be made within 60 days of May 13, 2005, or by July 12, 2005. No such payment was received by July 12, 2005. In fact, as of the date of this letter, Central has sill not made any payments. Consequently, my office sent a letter on October 27, 2005 notifying you that Central had 60 days from that date, or until December 26, 2005, to cure its failure to make interim payments required pursuant to the payment schedule set forth in the IPF's May 13, 2005 demand letter. This October 27, 2005 letter also informed Central that if it failed to make such payments within 60 days of October 27, 2005, Central would be deemed in default pursuant to 29 U.S.C. § 1399(c)(5) and the IPF Withdrawal Liability Procedures. At that point, the IPF would be entitled to immediate payment of the total outstanding EWL, plus accrued interest on the total outstanding liability from the due date of the first payment that was not timely made, plus any other damages recoverable under ERISA and/or the Withdrawal Liability Procedures. Because 60 days has elapsed since my office sent this default notification letter, and Central has yet to make a scheduled payment, the IPF is now entitled to payment of the total outstanding EWL and all related damages.

      Despite this entitlement, the Fund will not seek immediate payment of the total outstanding EWL amount and related damages if Central begins making interim payments in accordance with the payment schedule set forth in the May 13, 2005 letter. Please let me know if Central will begin making such interim payments. **If the IPF does not receive the first payment by January 13, 2005, the IPF will pursue any and all legal remedies available to it, including entry of a judgment for the total outstanding EWL, without further notice.**

      If you have any questions, please do not hesitate to call.

Sincerely,

Ira R. Mitzner

cc:    David F. Stupar, Executive Director, IPF
       Michael Murphy, Director of Revenue Accounting, IPF
       Craig Weir, Editor, IPF