# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-0345 (RMC) |
| ) | |
| CENTRAL RESTORATION, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## JUDGMENT

Plaintiffs having filed a Complaint on February 27, 2006, against Central Restoration, Inc., and Caulk-Rite of Huntington Valley, Inc., and the parties having agreed upon a basis for the resolution of the matters alleged in the Complaint and the entry of a judgment in this action, and having entered into a Stipulation For Entry of Judgment in the form attached, now upon the consent of Plaintiffs and Defendants, it is hereby

ORDERED, ADJUDGED AND DECREED that final judgment in favor of Plaintiffs and against Defendants Central Restoration, Inc. and Caulk-Rite of Huntington Valley, Inc. is hereby granted and judgment shall be entered as follows:

1. That Plaintiffs John Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H.J. Bramlett, Eugene George, Paul Songer, Charles Velarado, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero, and Ben Cap, Jr., all of whom are Trustees of, and sue on behalf of, the Bricklayers & Trowel Trades International Pension Fund ("IPF"), 1776 Eye Street, NW, Fifth Floor, Washington, DC 20006, recover from Defendants Central Restoration, Inc., 140 Central Avenue, Rockledge, PA, 19111, and Caulk-Rite of Huntington Valley, Inc., 2381 Philmont Avenue, Suite 116, Huntington Valley, PA, 19006, the sum of $46,337.00.

2. That final judgment shall be entered on the docket in the total amount of 46,337.00 in favor of Plaintiffs and against Defendants Central Restoration, Inc. and Caulk-Rite of Huntington Valley, Inc.

ORDERED, ADJUDGED AND DECREED that Plaintiffs have execution therefor.

Dated: _____, 2006        _____
                                     Rosemary M. Collyer
                                     United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN FLYNN, et al.,                    )
                                       )
              Plaintiffs,              )
                                       )
        v.                             )   Civil Action No. 06-0345 (RMC)
                                       )
                                       )
CENTRAL RESTORATION, INC., et al.,     )
                                       )
              Defendants.              )

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into between the Bricklayers & Trowel Trades International Pension Fund ("IPF") and Defendants, Central Restoration, Inc. ("Central") and Caulk-Rite of Huntingdon Valley, Inc ("Caulk-Rite") (collectively "Defendants")

1. The IPF commenced litigation against Defendants in the United States District Court for the District of Columbia by filing a Complaint alleging failure to make required Employer Withdrawal Liability ("EWL") payments to the IPF. (Flynn et al. v Central Restoration, Inc. et al., Civil Case No. 06-0345.)

2. This Settlement Agreement resolves all issues raised in Flynn et al. v Central Restoration, Inc. et al., Civil Case No. 06-0345. By entering into this Settlement Agreement, Defendants do not admit the allegations of the Complaint or that they are liable to IPF as alleged.

3. In full satisfaction of the $46,337 in outstanding EWL alleged by the IPF, Defendants, jointly and severally, agree to pay the Fund $11,000 on or before May 25, 2006; $11,000 on or before June 25, 2006 and $12,000 on or before July 25 2006, for a total payment of $34,000. Checks shall be mailed by first class mail and postmarked no later than the dates provided above and shall be made payable to "Bricklayers International Pension Fund" and mailed to Ira R Mitzner, Esq. Dickstein Shapiro Morin & Oshinsky LLP, 2101 L Street, N.W., Washington, D.C. 20037. Failure to meet the obligations under this payment schedule shall constitute default ("Default"). Payment of the total of $34,000 as provided in this paragraph will fully satisfy all of Defendants' obligations to IPF

4. The parties shall submit to the Court a stipulated Judgment in the amount of $46,337 with this Settlement Agreement. The IPF agrees not to execute on that Judgment so long as Defendants are not in Default as

Error! Unknown document property name.

defined in paragraph 3 above. If Defendants are in Default or if Defendants fail to comply with any term of this Settlement Agreement, the IPF shall have the immediate right to execute on the stipulated Judgment and collect all amounts necessary to satisfy the outstanding balance of the Judgment, together with attorney's fees incurred, as provided under ERISA. Any amount paid by Defendants will be subtracted from the total amount due on the Judgment.

5. When the IPF has received the full $34,000 from Defendants as outlined in this Settlement Agreement, the IPF shall provide Defendants with a Satisfaction of Judgment with regard to its obligations under the stipulated Judgment referenced in this Settlement Agreement.

6. Provided that Defendants comply with and fully satisfy all the terms of this Settlement Agreement, the IPF shall waive and release Defendants (including Defendants' owners, shareholders, officers, directors, employees, and agents) from all claims and causes of action that IPF had, now has, or hereafter can, shall or may have or assert against Defendants for any matter cause or thing which may have occurred before the date of the execution of this Agreement.

7. This Settlement Agreement may not be changed or altered, except by written agreement of all parties

8. Each of the undersigned parties and their counsel have reviewed and revised this Settlement Agreement and any ambiguities that are to be resolved against the drafting party shall not be employed in the interpretation of this document.

9. This Settlement Agreement shall be governed by the laws of the District of Columbia without regard to conflict of law principles

10. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original and shall be deemed duly executed upon the signing of the counterparts of other parties.

AGREED TO AND ACCEPTED:

CENTRAL RESTORATION, INC.

By _____
    John Creedon

TRUSTEES of the BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND, by their Counsel

MAY-08-2006 MON 06:30 PM            FAX NO.                           P. 04/04

By _____
    Ira R. Mitzner
    Dickstein Shapiro Morin & Oshinsky, LLP

Dated: May 26, 2006

3

Error! Unknown document property name.

MAY-08-2006  07:36                              97%                   P.04